Filed 2/26/13  P. v. Keller CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM ROBERT KELLER,<br><br>        Defendant and Appellant. | A136341<br><br>(San Mateo County<br>Super. Ct. No. SC075342A) |

William Keller appeals from a judgment and sentence following a guilty plea.  His court-appointed counsel has filed a brief requesting our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable grounds for appeal. We conclude there are no issues that warrant review, and affirm.

## BACKGROUND

Defendant William Keller was apprehended in the parking lot of a supermarket after he walked out with a bottle of Jack Daniels concealed in his pants.

He was charged by information under Penal Code section 666 with petty theft by a person who has served a prior term in a penal institution.[1]  The information also alleged Keller had committed four prior felonies that made him ineligible for probation under section 1203, subdivision (b)(e)(4); served two prior terms in state prison under section

_____

[1]  All further statutory references are to the Penal Code.

1

667.5, subdivision (b); and had a prior conviction for robbery, a serious felony within the meaning of section 1170.12 subdivision (c)(1). In a negotiated disposition, Keller entered a no contest plea to the felony charge of petty theft with a prior under section 666, and admitted the truth of the prior robbery alleged under section 1170.12. The remaining allegations were dismissed.

At sentencing, Keller moved to strike the prior robbery conviction in the interests of justice. The court granted the motion over the district attorney's opposition. Keller was sentenced to the mid-level term of two years and awarded 137 days of presentence credits.

## DISCUSSION

Keller was advised of the rights he would waive by entry of his plea, and the plea's potential consequences. His counsel stipulated to a factual basis for the plea based upon the police reports, and we concur based upon our review of the preliminary hearing testimony. The court determined the plea was free and voluntary.

There is no basis from our review of the record to question the court's exercise of discretion to strike the prior robbery conviction. Thus, we deny Keller's request that we take judicial notice of the reasons stated on the minute order of June 22, 2012, that was not included within the clerk's transcript.

This court has reviewed the entire record on appeal. His counsel advises us that Keller has been informed of his right to file a supplemental brief. He has not done so. There are no issues that require further briefing.

## DISPOSITION

The judgment is affirmed.

_____
Siggins, J.

We concur:

_____
Pollak, Acting P.J.

_____
Jenkins, J.